UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY GARLAND,

        Plaintiff,

v.                    Case No. 8:09-cv-1208-T-17EAJ

FLORIDA DEPARTMENT OF LAW ENFORCEMENT,
PASCO COUNTY STATE ATTORNEY OFFICE,

        Defendants.

_____

**<u>ORDER</u>**

      This cause is before the Court on pro se prisoner Plaintiff's 42 U.S.C. § 1983 civil rights complaint. (Doc. No. 1).

      The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff is attempting to raise claims that should be raised in a petition for writ of habeas corpus. Plaintiff states that this case does

not involve the prison or jail, but an unlawful and unconstitutional crime that "has me in prison incarcerated unlawful and unconstitutional and denying me liberty." In support of his complaint, Plaintiff filed a copy of the State's response to his motion for post conviction relief based on a criminal case in Broward County, Florida.

As relief in the present complaint, Plaintiff seeks:

That the Florida Department of Law Enforcement to [sic] file this complaint and its evidence and grant the relief requested in the complaint affidavit to their office and forward all their findings to this Court for further review of their findings; and the Pasco County State Attorney [sic] Office to file these complaints to their office and forward their findings to this Court for further review of their findings.

It appears that Plaintiff wants this Court to issue a writ of mandamus forcing the Florida Department of Law Enforcement and the Pasco County State Attorneys Office to investigate Plaintiff's claims related to his imprisonment.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." *See Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 587 (11th Cir.1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); *see also Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir.1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." *See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co.*, 260 F.2d 637, 640 (2d Cir.1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

*Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations [.]" *In re Bellsouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Allied*

*Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1981)); *see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309 (1989). To be entitled to mandamus, Owens must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Defendants to perform the action sought; and, (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S. at 309; *Stephens v. Dept. of Health & Human Servs.,* 901 F.2d 1571, 1576 (11th Cir. ), *cert. denied,* 498 U.S. 998 (1990); *District Lodge No. 166 v. TWA Servs., Inc.,* 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied,* 469 U.S. 1209 (1985) (quoting *Carter v. Seamans*, 411 F.2d 767, 744 (5th Cir. 1969)).

Here, Garland has not met his burden. He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006).

Analogously, this Court does not have jurisdiction to issue a writ of mandamus to direct the Florida Department of Law Enforcement or the Pasco County State Attorneys Office to investigate Plaintiff's claims or to release him from prison.

**Accordingly, the Court orders**:

That Plaintiff Garland's 42 U.S.C. § 1983 complaint is dismissed. The Clerk is directed to enter judgment against Garland and to close this case.

ORDERED at Tampa, Florida, on July 2, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Anthony Garland